# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARTH CONSERVANCY,<br>   Appellant<br><br>  v.<br><br>BLUE COAL CORP.; GLEN NAN, INC.; FRANK J. MCDONNELL, Trustee,<br>   Appellees | No. 10cv1748<br><br>(Judge Munley)<br><br>(Bankruptcy Appeal) |

## MEMORANDUM & ORDER

  Before the court for disposition is Appellant Earth Conservancy's appeal (Doc. 7) from the order of the United States Bankruptcy Court for the Middle District of Pennsylvania entered on July 12, 2010 by Judge John J. Thomas dismissing the adversary proceeding. Appellant Earth Conservancy ("Earth Conservancy") has briefed its argument, but neither Appellees Blue Coal Corporation ("Blue Coal") and Glen Nan, Inc. ("Glen Nan") nor Trustee Frank J. McDonnell have filed briefs in opposition and the time for such briefing has passed. See L.R. 7.6. Accordingly, we treat the appeal as ripe.

## BACKGROUND

  On November 23, 2009, Earth Conservancy filed a complaint for a declaratory judgment in this court, in a civil action before Judge John E. Jones, III. (See Civil Docket for 1:09cv2295 (Doc. 2-3)). Earth Conservancy sought (1) a declaratory judgment that Earth Conservancy is the sole and absolute owner of the Oil, Gas, and Mineral Rights ("Rights") originally owned by Blue Coal and Glen Nan ("Bankrupts"), by virtue of its purchase of assets from the Trustee of the Bankrupts' estates and (2) an order appointing a representative of the Bankrupts with the authority to convey those rights to Earth Conservancy. (See Compl. for 1:09cv2295 (2-

4 at 15)).¹  Upon the report and recommendation of Magistrate Judge J. Andrew Smyser– finding the court did not have jurisdiction under 28 U.S.C. § 1331 because the case did not arise under the Constitution, laws, or treaties and that the only plausible basis for subject matter jurisdiction was 28 U.S.C. § 1334(b) ("the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [relating to bankruptcy], or arising in or related to cases under title 11.")– the court transferred the case to the United States Bankruptcy Court for the Middle District of Pennsylvania on April 13, 2010.  (See Civil Docket for 1:09cv2295 (Doc. 2-3); Report and Recommendation of March 17, 2010 (Doc. 2-5)).

In an opinion dated July 12, 2010, Bankruptcy Judge John J. Thomas dismissed Earth Conservancy's complaint.  (Doc. 2-7).  The judge noted that the bankruptcy estate has been closed since 2000 and that no party had sought to reopen the case.  The judge found that under Federal Rule of Bankruptcy Procedure 5010, a bankruptcy court should only take administrative actions on a closed case.  See FED. R. BANKR. P. 5010 advisory committee's note ("Although a case has been closed the court

---

¹ Without delving into the details of the consolidated bankruptcy cases of Blue Coal and Glen Nan, which were filed in 1976 and 1978 and finally closed in 2000, a brief narrative is appropriate.  Pursuant to an Agreement of Sale negotiated in 1993 between Earth Conservancy and the Estates' Trustee, Earth Conservancy purchased the assets of those bankruptcy estates in 1994.  This purchase was effectuated by an Order of Sale entered by the bankruptcy court.  In 2008, William W. Thomas contacted the Bankruptcy court seeking to purchase oil and gas rights owned by Blue Coal and Glen Nan from the Bankruptcy court, ultimately prompting Earth Conservancy's declaratory judgment complaint which argues that its Agreement of Sale with the Trustee included such oil and gas rights.

may sometimes act without reopening the case. Under Rule 9024, clerical errors in judgments, orders, or other parts of the record or errors therein caused by oversight or omission may be corrected. A judgment determined to be non-dischargeable pursuant to Rule 4007 may be enforced after a case is closed by a writ of execution obtained pursuant to Rule 7069.").[2] Thus, the judge found that the bankruptcy court was without jurisdiction to afford the relief sought without reopening the case. (See Bankr. Op. July 12, 2010 (Doc. 2-7) (citing Donaldson v. Bernstein, 104 F.3d 547, 552, 553 (3d Cir. 1997) ("the jurisdiction of the bankruptcy courts must be confined within appropriate limits and does not extend indefinitely, particularly after the confirmation of a plan and the closing of a case."). The judge dismissed the complaint, absent a motion to reopen the bankruptcy case within twenty-one days. Rather than filing a motion in the bankruptcy court to reopen the case within twenty-one days, Earth Conservancy filed the instant appeal on August 20, 2010. (Doc. 1). On September 3, 2010, Earth Conservancy filed its brief in support of its appeal, bringing the case to its present posture.

---

[2] Judge Thomas explained that it was more helpful to refer to current Bankruptcy Rules, rather than Rule 515 of the Bankruptcy Act of 1898. See In re Blue Coal Corp., 1994 WL 325431, *4 (Bankr. MD. Pa. 1994) ("Although the Bankruptcy Act is the specific legislation controlling the disposition of this case, the Bankruptcy Rule referred to in this quote from Collier's has been superseded by the Order of the Supreme Court of the United States, dated April 25, 1983, which indicates that the current Bankruptcy Rules, '... shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court, their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies.' Order of the Supreme Court adopting the Rules of Bankruptcy Procedure, April 25, 1983.").

3

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Envt'l Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("On appeal the district court...may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

Earth Conservancy argues on appeal that the bankruptcy court has jurisdiction and authority to grant the declaratory judgment relief Earth Conservancy seeks without reopening the bankruptcy cases. In support of that conclusion, Earth Conservancy argues that in effectuating the terms of the agreement of sale and sale order the bankruptcy court would only be performing a ministerial function which does not require a bankruptcy case be reopened. Earth Conservancy states that the agreement of sale and sale order are plain and unambiguous (1) as to whether Earth Conservancy purchased the Rights and (2) as to whether the Trustee was obligated to appoint a representative to convey those Rights. Finally, Earth Conservancy argues that, because they are the only entity besides Blue Coal and Glen Nan– both of whom are already party to the declaratory judgment action through which they could defend themselves– with a potential claim to the Rights, there would be no harm to any interested

4

party to grant the relief sought in the declaratory judgment action without reopening the bankruptcy case.

In addition to the factual argument just described, Earth Conservancy cites In re Funket, 27 B.R. 640 (M.D. Pa. 1982). There, a debtor received a discharge of his debts on April 3, 1980, including a mortgage. Id. at 642. The bankruptcy case was closed on April 8, 1980. On August 10, 1980, four months after the discharge, the creditor tried to record the mortgage a second time and the debtor filed an adversary proceeding to discharge the mortgage. Id. at 642. The bankruptcy court found that it had jurisdiction to discharge the mortgage under 28 U.S.C. § 1471 without reopening the bankruptcy case because the recording "controverts the debtor's right to full and clear title of his property." Id. at 643.

The court is not convinced that the relief that Earth Conservancy seeks can fairly be characterized as ministerial. A declaration of the rights and obligations under the Agreement of Sale and Order of Sale would have very significant consequences, and would not be akin to correcting clerical errors or issuing a writ of execution to enforce a non-dischargeable judgment. See FED. RS. BANKR. P. 5010 advisory committee's note; 9024, 7069. This is especially true, as the bankruptcy judge noted, in light of potential natural gas reserves and Pennsylvania law. Accordingly, Appellant Earth Conservancy's appeal (Doc. 7) from the order of the United States Bankruptcy Court for the Middle District of Pennsylvania entered on July 12, 2010 by Judge John J. Thomas is HEREBY **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

**DATED: February 14, 2011**         BY THE COURT:
                                      s/ James M. Munley
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**